Prob 12C
(Rev. 1/06 D/HI)

CC: mary

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 03 2008

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

# United States District Court

### for the

### DISTRICT OF HAWAII

U.S.A. vs. CHRISTOPHER MUNDON _____ Docket No. CR 02-00149HG-01

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW MARK T. NUGENT, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of CHRISTOPHER MUNDON who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 22nd day of March, 2004, who fixed the period of supervision at 5 years and imposed the general terms and conditions thereofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Judgment attached) as follows:

1. That on or about 7/20/2008, the subject engaged in conduct constituting the State of Hawaii misdemeanor offense of Assault in the Third Degree, in violation of Hawaii Revised Statutes § 707-712 and the General Condition.

2. That on or about 7/19/2008 to and including 7/20/2008, the subject consumed alcohol despite Probation Officer instructions to refrain from alcohol consumption, in violation of Standard Condition No. 3.

Prob 12C
(Rev. 1/06 D/HI)

2

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    8/29/2008

_____
MARK T. NUGENT
U.S. Probation Officer

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 29th day of August, 2008, and ordered filed and made a part of the records in the above case.

_____
HELEN GILLMOR
Chief U.S. District Judge

Re:    **MUNDON, Christopher**
      **Docket No. CR 02-00149HG-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject began his term of supervised release on 7/8/2008.

**Violation No. 1 - Subject Engaged in Conduct Constituting the State of Hawaii Misdemeanor Offense of Assault in the Third Degree; and Violation No. 2 - Subject Consumed Alcohol Despite Probation Officer Instructions to Refrain From Alcohol Consumption:**

On 7/21/2008, the subject telephonically contacted this officer and reported that he had been arrested on 7/20/2008 for Assault. The subject provided the following account of the incident. He reported that on the night of 7/20/2008, he and his brother-in-law (Jensen Richardson) returned home to his apartment and discovered that a male (Matthew Vidor), who was a friend of his roommate's, was having sex in his room with a female (Patricia Villiger). According to the subject, an argument ensued between his brother-in-law and Vidor. He explained that the argument moved from the apartment to the parking lot. When his brother-in-law started punching Vidor, the subject reported that he got between them and pushed them apart. The subject denies punching or hitting Vidor.

On 7/29/2008, this officer received and reviewed copies of the police reports prepared by Honolulu Police Department (HPD) officers. A review of the reports reflect the following. On 7/20/2008, HPD officers were sent to the subject's apartment on a report that a fight was occurring. Upon arrival, officers observed victim Vidor with a minor laceration and bruising under his eye and bruising to his bottom lip.

Vidor reported to police that he was inside the subject's room with a female when he heard loud knocking. When he opened the door, the subject and Richardson were yelling at him and asking him why he was in the subject's room having sex. According to Vidor, the subject then punched him several times in the face. He further reported that the argument moved outside the apartment to the parking lot where both the subject and Richardson punched him several more times.

Female Villiger provided a statement which was consistent with Vidor's. She reported that because she had turned her head, she did not see who punched Vidor while in the bedroom. However, she did see both the subject and Richardson punch Vidor in the parking lot.

HPD officers arrested the subject and Richardson for Assault in the Third Degree. Additionally, based upon the subject's representation that Vidor had no

Re:   **MUNDON, Christopher**
      **Docket No. CR 02-00149HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

permission to be in his room, Vidor was issued a complaint and summons for Simple Trespass.

It is noted that when reviewing the police reports, this officer discovered that at the time the subject signed a form waiving his Miranda rights, he informed HPD officers that he had consumed approximately six beers earlier that night.

On 8/6/2008, this officer met with the subject and confronted him with the information in the police reports. Despite the statements made by Vidor and Villiger, the subject denied hitting Vidor. The subject reported that Richardson intends to testify and tell the Honolulu District Court that the subject did not hit anyone and was only helping to separate Richardson from Vidor. Additionally, upon being questioned about whether the subject had been drinking, the subject reported that he had consumed several beers earlier that night. The subject was reminded that on 7/10/2008, when reviewing the terms of supervision, this officer instructed the subject not to consume any alcohol while he was participating in drug treatment during the first year of supervised release. The subject explained that he did not recall being instructed not to drink alcohol. He indicated that he thought he was allowed to drink alcohol but was only prohibited from drinking alcohol excessively.

On 8/18/2008, the subject appeared in Honolulu District Court and was referred for an appointment with the State of Hawaii Public Defender's Office. The subject is now scheduled to appear for an Arraignment and Plea on 9/8/2008. The subject has informed this officer that he intends to plead not guilty and contest the Assault charge.

As a result of the subject's noncompliance and the Court's instruction to require

Re:  **MUNDON, Christopher**
     **Docket No. CR 02-00149HG-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 3**

the subject to appear for a hearing, it is requested that the Court issue a summons for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

MTN/st

Re:     **MUNDON, Christopher**
        **Docket No. CR 02-00149HG-01**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 4**


## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

That the defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**ORIGINA**

AO 245B (Rev. 8/96)  Sheet 1 - Judgment    a Criminal Case

MAR 29 2004

# United States District Court
## District of Hawaii

RECEIVED
U.S.
HONOLU    OFFICE
'04   MAR 29

at _____ o'clock and _____ min. _____
WALTER A. Y. H. CHINN, CL

UNITED STATES OF AMERICA

v.

**CHRISTOPHER MUNDON**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number:     <u>1:02CR00149-001</u>
USM Number:      88834-022
<u>William A. Harrison, Esq.</u>
Defendant's Attorney

## THE DEFENDANT:

[✔]    pleaded guilty to count(s): <u>1 of the Indictment</u> .
[ ]    pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]    was found guilty on count(s) ___ after a plea of not guilty.

**Accordingly,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(A) | Conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine and quantity of cocaine, a Schedule II narcotic controlled substance | 04/06/2002 | 1 |

    The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]    Count(s) <u>2, 3, and 4 of the Indictment</u>  (is)(are) dismissed on the motion of the United States.

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

March 22, 2004
Date of Imposition of Judgment

Signature of Judicial Officer

**HELEN GILLMOR**, United States District Judge
Name & Title of Judicial Officer

3-26-04
Date

ATTEST: A True Copy
WALTER A. YH CHINN
Clerk, United States District
Court, District of Hawaii
By_____ Deputy

AO 245B (Rev. 8/96)  Sheet 2 - Imprisonment

| | |
|---|---|
| CASE NUMBER:     1:02CR00149-001 | Judgment - Page 2 of 6 |
| DEFENDANT:       CHRISTOPHER MUNDON | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 135 MONTHS .

[✔]    The court makes the following recommendations to the Bureau of Prisons:
Sheridan, OR, or in the alternative Lompoc, CA.
That the defendant participate in drug treatment, educational and vocational training programs.

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By  _____
Deputy U.S.  Marshal

AO 245B (Rev. 8/96)  Sheet 3 - Supervised ...lease

CASE NUMBER:          1:02CR00149-001                                         Judgment - Page 3  of  6
DEFENDANT:            CHRISTOPHER MUNDON

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  5 YEARS .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]       The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[✔]       The defendant shall not possess a firearm and ammunition as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)    the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96)  Sheet 3 - Supervised Release
_____
CASE NUMBER:          1:02CR00149-001                                                  Judgment - Page 4  of  6
DEFENDANT:            CHRISTOPHER MUNDON

# SPECIAL CONDITIONS OF SUPERVISION

1.    That the defendant participate in a substance abuse program, which may include drug
      testing at the discretion and direction of the Probation Office.

2.    That the defendant provide the Probation Office and the Financial Litigation Unit of the
      U. S. Attorney's Office access to any requested financial information to include
      submitting to periodic debtor's examinations as directed by the Probation Office.

---

**ACKNOWLEDGMENT OF CONDITIONS**

I have read or have had read to me the conditions of
supervision set forth in this judgment and I fully understand
them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or
supervised release, the Court may (1) revoke supervision,
(2) extend the term of supervision, and/or (3) modify the
conditions of supervision.

_____          _____
Defendant                                 Date  7/10/08

_____          _____
United States Probation Officer           Date  7/10/08

AO 245 S (Rev. 3/95)  Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:      1:02CR00149-001                                          Judgment - Page 5 of 6
DEFENDANT:        CHRISTOPHER MUNDON

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

[ ]    If applicable, restitution amount ordered pursuant to plea agreement .......... $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]    The interest requirement is waived.

    [ ]    The interest requirement is modified as follows:

# RESTITUTION

[ ]    The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days.  An amended Judgment in a Criminal Case will be entered after such determination.

[ ]    The court modifies or waives interest on restitution as follows:

[ ]    The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| | TOTALS: | $ _____ | $_____ |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245 S (Rev. 3/95)  Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:      1:02CR00149-001                                    Judgment - Page 6  of  6
DEFENDANT:        CHRISTOPHER MUNDON

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    [✔]  in full immediately; or

B    [ ]   $ _  immediately, balance due (in accordance with C, D, or E); or

C    [ ]   not later than _ ; or

D    [ ]   in installments to commence _ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E    [ ]   in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.


Special instructions regarding the payment of criminal monetary penalties:



[ ]   The defendant shall pay the cost of prosecution.


[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.